Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ALBERTO JAURRIETA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00357-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20020D05887)




O P I N I O N

           This is an appeal from convictions for one count of delivery of cocaine in an amount
of 200 grams or more but less than 400 grams (Count I), and one count of possession of
cocaine in an amount less than one gram (Count II). The jury found Appellant guilty
regarding Count I and assessed punishment at ten years’ imprisonment. Appellant pleaded
guilty to Count II and the court assessed punishment at two years’ confinement in a State Jail
Facility. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           During closing argument at the punishment phase of Appellant’s trial, Appellant’s
counsel argued that Appellant should receive probation. Counsel argued that being on
probation involves a number of restrictions upon an individual’s freedom of movement, and
that extenuating circumstances existed which warranted giving probation to Appellant.
           During the State’s argument, the following exchange occurred:
STATE:This is not a probation case. This is an extremely serious
charge. This is a lot of cocaine. These DPS sergeants risk their
lives trying to get these people off the street, trying to get this
cocaine off the streets. And to put him back out on the streets
in our community sends a very loud message to the community. 
People complain, well, why don’t you go after the big dealers? 
This guy was a big dealer that day. And now is your chance--
 
DEFENSE:That’s inappropriate argument.
 
COURT:Overruled.
 
STATE:Now is your chance to tell a community, to tell the other people
that are considering easy money, that you’re going to prison. I’ll
ask you to sentence the Defendant to prison time, not probation. 

           During the presentation of Appellant’s case during the punishment stage of trial, one
of Appellant’s witnesses, Carmen Cisneros, testified that Appellant had good character and
morals. She stated that Appellant was respectful, non-violent, and was a good boy. 
Appellant’s counsel then asked the witness, “And do you have an opinion from having
known him as to whether or not he tells the truth or not?” The prosecutor objected to the
relevance of the question and the court sustained the objection.
           The Appellant testified in his own defense. He related that he was a high school
football player and that he had held a good job prior to his arrest for this offense. He
admitted having committed a wrong and requested that he be given another chance. He
stated that he had never been involved in a drug deal before.
II. DISCUSSION
           In Issue No. One, Appellant asserts that the court erred in overruling his objection to
the prosecutor’s argument during the punishment stage of trial. Specifically, Appellant
contends that the above-mentioned argument that people complain about not going after the
big drug dealers and that now was the jury’s chance to do something, improperly invoked a
community expectation for a particular punishment.
           Proper jury argument consists of: (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea
for law enforcement. Morales v. State, 11 S.W.3d 460, 463 (Tex.App.--El Paso 2000, pet.
ref’d). To determine if the prosecutor made an improper jury argument, the reviewing court
must consider the entire argument in context--not merely isolated sentences. Rodriguez v.
State, 90 S.W.3d 340, 364 (Tex.App.--El Paso 2001, pet. ref’d). The State may make a
proper plea for law enforcement, including arguing the relationship between the jury’s
verdict and the deterrence of crime in general, arguing that juries should deter specific crimes
by their verdicts, and arguing the impact of the jury’s verdict on the community. Borjan v.
State, 787 S.W.2d 53, 55-56 (Tex.Crim.App. 1990); Rodriguez, 90 S.W.3d at 365. However,
the State is not permitted to argue that the community or any particular group in the
community demands or expects a verdict of guilty or a specific punishment. Rodriguez, 90
S.W.3d at 365. This type of improper argument urges the jury to lend its ear to the
community rather than to be the voice of the community--the latter of which constitutes a
proper plea for law enforcement. Cortez v. State, 683 S.W.2d 419, 421 (Tex.Crim.App.
1984). However, not every reference to victims or the community constitutes an improper
appeal to community expectations. The State may argue as a plea for law enforcement, the
impact of a jury’s verdict on the community or on a particular segment of the community. 
Rodriguez, 90 S.W.3d at 365.
           We find that the complained of argument constituted, when viewed in its entirety, a
proper plea for law enforcement. The mere fact that people might complain about law
enforcement authorities not going after large scale drug dealers does not call upon
community expectations in this instance because the entire tenure of the prosecutor’s
argument requests the jury to send a message to the community. Issue No. One is overruled.
           In Issue No. Two, Appellant argues that the court erred when it refused to allow
Appellant to question a punishment witness about her opinion regarding his truthfulness. 
Appellant maintains that the court erred when it would not allow Appellant to elicit a
response from Carmen Cisneros concerning Appellant’s truthfulness.
           Unless the State’s cross-examination of a defendant directly implicates the
defendant’s character for truthfulness, cross-examination exposing inconsistencies between
the defendant’s testimony and the State’s evidence does not constitute an attack on the
defendant’s truthful character under Rule 608(a)(2).


 Stitt v. State, 102 S.W.3d 845, 848-49
(Tex.App.--Texarkana 2003, pet. ref’d); Spector v. State, 746 S.W.2d 946, 950-51
(Tex.App.--Austin 1988, pet. ref’d). The fact that a defendant has testified does not put his
character for truthfulness at issue. Stitt, 102 S.W.3d at 848-49.
           In the present case, the prosecutor’s cross-examination of Appellant did not constitute
an attack on Appellant’s truthful character. In fact, it did not elicit any disagreement from
Appellant and the cross-examination did not reveal any discrepancies between the State’s
evidence and Appellant’s testimony. Accordingly, the court did not err in refusing inquiry
into Appellant’s reputation for truthfulness. Issue No. Two is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
June 16, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)