

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00145-CR

_____

CLEO RUSSELL KAUFMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 27th Judicial District Court
Bell County, Texas
Trial Court No. 63507

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Cleo Russell Kaufman, having been found guilty by a jury for sexual assault and having been assessed a punishment of nine years' imprisonment, has filed this appeal.[1]

Kaufman's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail, examining possible issues which could be raised for consideration on appeal, but offering explanations why those potential issues would be unsuccessful. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Kaufman on September 26, 2011, informing Kaufman of his right to file a response and to access the record. Kaufman opted to pursue that course of action and filed his pro se response December 27, 2011. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We have reviewed both the brief filed by Kaufman's counsel and the pro se response filed by Kaufman. Kaufman argues that the evidence is insufficient to support the conviction and that trial counsel did not provide effective assistance because he did not obtain additional witnesses to testify about Kaufman's nonviolent nature. (Counsel called and questioned two witnesses as to

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

this issue, both of whom testified that Kaufman had the reputation of being a law-abiding citizen.). Kaufman argues that trial counsel should have obtained even more witnesses to testify that his character traits were not those of a violent person. *See Stitt v. State*, 102 S.W.3d 845, 849 (Tex. App.—Texarkana 2003, pet. ref'd). He also complains of a portion of the State's closing arguments wherein the jurors were asked to consider the effect their decisions would have on the family or friends of the jurors who might have been subject to similar attacks.

Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the defendant must first prove that counsel's representation fell below an objective standard of reasonableness and also that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). The record is silent on this situation. Therefore, no genuinely arguable issue on ineffective assistance has been raised.

Insofar as jury argument is concerned, before a defendant will be permitted to complain on appeal about an erroneous jury argument, he will have to show that he timely objected and pursued that objection to an adverse ruling. *Mays v. State*, 318 S.W.3d 368, 394 n.103 (Tex. Crim. App. 2010). No objection to the argument of State's counsel was made. Further, a plea for law enforcement, such as this, is one of the types of argument that is an appropriate subject for argument. *See Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).

3

Kaufman also states, without supporting argument, that the evidence is insufficient to have convicted him of the crime with which he was charged. It is not. In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of indecency with a child by contact beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 779 (Tex. Crim. App. 2007). In this analysis, we use a hypothetically-correct jury charge to evaluate both the legal and factual sufficiency of evidence. *Grotti v. State*, 273 S.W.3d 273 (Tex. Crim. App. 2008). Such a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Under the offense for which Kaufman was charged, it was necessary for the State to prove beyond a reasonable doubt that (1) Kaufman (2) knowingly or intentionally (3) penetrated the victim's sexual organ or anus by any means (4) without the victim's consent. TEX. PENAL CODE ANN. § 22.011(A)(1) (West 2011).

4

The victim in Kaufman's case testified positively and precisely about the attack she suffered and the circumstances surrounding the attack. The jury executed its function, finding her testimony credible and believable. Under this state of the evidence, we have no authority to revisit that determination.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted:    January 17, 2012
Date Decided:     January 19, 2012

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.