In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00145-CR

                                                ______________________________

 

 

                                CLEO RUSSELL KAUFMAN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 27th Judicial District Court

                                                               Bell County, Texas

                                                            Trial
Court No. 63507

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Cleo
Russell Kaufman, having been found guilty by a jury for sexual assault and
having been assessed a punishment of nine years’ imprisonment, has filed this
appeal.[1]

            Kaufman’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, examining possible issues which could be raised for
consideration on appeal, but offering explanations why those potential issues
would be unsuccessful.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Kaufman on September 26, 2011,
informing Kaufman of his right to file a response and to access the
record.  Kaufman opted to pursue that
course of action and filed his pro se response December 27, 2011.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We
have reviewed both the brief filed by Kaufman’s counsel and the pro se response
filed by Kaufman.  Kaufman argues that
the evidence is insufficient to support the conviction and that trial counsel
did not provide effective assistance because he did not obtain additional
witnesses to testify about Kaufman’s nonviolent nature.  (Counsel called and questioned two witnesses
as to this issue, both of whom testified that Kaufman had the reputation of
being a law-abiding citizen.).  Kaufman
argues that trial counsel should have obtained even more witnesses to testify
that his character traits were not those of a violent person.  See
Stitt v. State, 102 S.W.3d 845, 849 (Tex.
App.—Texarkana 2003, pet. ref’d).  He also complains of a portion of the State’s
closing arguments wherein the jurors were asked to consider the effect their
decisions would have on the family or friends of the jurors who might have been
subject to similar attacks.  

            Under
Strickland v. Washington, 466 U.S.
668, 687 (1984), the defendant must first prove that counsel’s representation
fell below an objective standard of reasonableness and also that there is a
reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Id.  Where an appellate record is silent as to why
trial counsel failed to take certain actions, the appellant has failed to rebut
the presumption that trial counsel’s decision was in some way reasonable.  See Mata v. State, 226 S.W.3d 425, 431
(Tex. Crim. App. 2007).  The record is
silent on this situation.  Therefore, no
genuinely arguable issue on ineffective assistance has been raised.

            Insofar
as jury argument is concerned, before a defendant will be permitted to complain
on appeal about an erroneous jury argument, he will have to show that he timely
objected and pursued that objection to an adverse ruling.  Mays v. State, 318 S.W.3d 368, 394 n.103 (Tex. Crim. App. 2010).  No objection to the argument of State’s
counsel was made.  Further, a plea for
law enforcement, such as this, is one of the types of argument that is an appropriate
subject for argument.  See
Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).  

            Kaufman
also states, without supporting argument, that the evidence is insufficient to
have convicted him of the crime with which he was charged.  It is not. 
In evaluating legal sufficiency, we review all the evidence in the light
most favorable to the jury’s verdict to determine whether any rational jury
could have found the essential elements of indecency with a child by contact
beyond a reasonable doubt.  Brooks v. State, 323 S.W.3d 893, 912
(Tex. Crim. App. 2010) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)); Hartsfield
v. State, 305 S.W.3d 859, 863 (Tex. App.––Texarkana 2010, pet. ref’d).  We examine
legal sufficiency under the direction of the Brooks opinion, while giving deference to the responsibility of the
jury “to fairly resolve conflicts in testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19); Clayton v. State, 235 S.W.3d 772, 779
(Tex. Crim. App. 2007).  In this
analysis, we use a hypothetically-correct jury charge to evaluate both the
legal and factual sufficiency of evidence.  Grotti v.
State, 273 S.W.3d 273 (Tex. Crim. App. 2008).  Such a charge accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.  Villarreal v. State, 286
S.W.3d 321 (Tex. Crim. App. 2009); Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Under the offense for which Kaufman was
charged, it was necessary for the State to prove beyond a reasonable doubt that
(1) Kaufman (2) knowingly or intentionally (3) penetrated the
victim’s sexual organ or anus by any means (4) without the victim’s consent.  Tex.
Penal Code Ann. § 22.011(A)(1) (West 2011). 

            The
victim in Kaufman’s case testified positively and precisely about the attack
she suffered and the circumstances surrounding the attack.  The jury executed its function, finding her
testimony credible and believable.  Under
this state of the evidence, we have no authority to revisit that
determination.  

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsel’s
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). 

            We
affirm the judgment of the trial court.[2]

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January 17, 2012

Date Decided:             January 19, 2012

 

Do Not Publish           

 











[1]Originally appealed to the Third Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (West 2005).  We are unaware of any conflict between precedent
of the Third Court of Appeals and that of this Court on any relevant
issue.  See Tex. R. App. P.
41.3.





[2]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsel’s request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing or for en banc reconsideration was overruled by
this Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.