

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00007-CR

_____

CAL EARL HUTCHERSON, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. 21109

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Cal Earl Hutcherson appeals a judgment that adjudicated him guilty of the offense of aggravated assault causing serious bodily injury, sentenced him to twenty years' imprisonment, and ordered him to pay a $3,000.00 fine. In his sole ground on appeal, Hutcherson argues that the sentence is "disproportionate given the allegation contained in the Motion to Adjudicate." We affirm the judgment because Hutcherson has failed to preserve this issue for appeal.

To preserve a complaint for appellate review, an appellant must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a)(1)(A). "Even constitutional errors may be waived by failure to object at trial." *Stitt v. State*, 102 S.W.3d 845, 848 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990)); *see Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). Thus, to preserve the issue of whether a defendant's sentence is disproportionate under the Eighth Amendment to the United States Constitution or under Article I, Section 13 of the Texas Constitution, the defendant must make a timely objection before the trial court. TEX. R. APP. P. 33.1(a); *Hookie v. State*, 136 S.W.3d 671, 679–80 (Tex. App.—Texarkana 2004, no pet.). To meet this requirement, we have previously held that a defendant is required to raise a disproportionality objection to a sentence at the time the sentence is imposed or by a timely filed motion for new trial. *Mullins v. State*, 208 S.W.3d 469, 470 n.1 (Tex. App.—Texarkana 2006, no pet.).

Here, Hutcherson admits in his brief that "the error was not properly preserved."  No objection was made at the time Hutcherson's sentence was pronounced, and the clerk's record contains no motion for new trial.  Therefore, Hutcherson's sole complaint on appeal has not been preserved for our review.

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:     May 29, 2013
Date Decided:       May 30, 2013

Do Not Publish