

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00234-CR

_____


TERRY REESE TANTON, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1524469


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

Terry Reese Tanton pled nolo contendere to the indictment alleging that he committed aggravated sexual assault of a ten-year-old child. The trial court sentenced Tanton to fifteen years' imprisonment and ordered him to pay a $10,000.00 fine. On appeal,[1] Tanton argues that, even though the State requested, and the trial court granted, an amendment to the spelling of the child's last name, the evidence is legally insufficient to support his conviction since the trial court did not change the spelling on the face of the indictment. Tanton also argues that the trial court's failure to admonish him about the possibility of civil commitment led to an "invalid" plea and constituted reversible error.

We find that Tanton failed to preserve any objection to the misspelling of the name in the indictment and conclude that he inadequately briefed his second point of error. Accordingly, we affirm the trial court's judgment.

The indictment spelled the child's last name as "Lefitte" instead of "Lafitte."[2] Although the trial court entered an order amending the indictment, Tanton contends that the misspelling was never corrected on the face of the indictment. Thus, he argues that there was a material variance between the indictment and proof at trial. We reject this argument for two reasons.

First, Tanton pled no contest to the indictment, which contained the misspelling, and signed a judicial confession swearing that he understood the indictment and did not contest the acts

---

[1]In companion cases filed under cause numbers 06-15-00235-CR and 06-15-00236-CR, Tanton also appeals from two other convictions of aggravated sexual assault of a child.

[2]In this opinion, we refer to the child by a pseudonym in order to protect the child's identity. *See* TEX. R. APP. P. 9.10.

alleged therein. Second, Tanton's point raises a question of *idem sonans*. Under this doctrine, any variance between the name alleged and proved is immaterial if the names sound the same or if the attentive ear finds difficulty in distinguishing the two names when they are pronounced out loud. Questions involving *idem sonans* must be raised at trial. Where, as here, a defendant first raises the matter on appeal, the point is waived. *Martin v. State*, 541 S.W.2d 605, 608 (Tex. Crim. App. 1976); *Stitt v. State*, 102 S.W.3d 845, 850 (Tex. App.—Texarkana 2003, pet. ref'd). We overrule Tanton's first point of error.

In his second point, Tanton complains that he was not admonished about the possibility of civil commitment for violent sexual offenders under Chapter 841 of the Texas Health and Safety Code. Tanton suggests that the trial court's failure to admonish him was error. Yet, he has not cited to any case that supports his argument. Tanton's brief was required to contain appropriate citations to authority supporting his point of error. *See* TEX. R. APP. P. 38.1; *Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000). Since it did not, we find the brief inadequate.[3] Tanton's second point of error is overruled.

Having overruled Tanton's points of error, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: April 27, 2016
Date Decided: May 27, 2016

Do Not Publish

---

[3]Tanton's written admonishments warned him that the term of confinement for his first degree felony offense could be "[l]ife or any term of not more than 99 years."

3